IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW C. HRUBY, #S-07587,<br>Individually and on behalf of all<br>similarly situated persons, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | Case No. 13-cv-386-GPM |
| MARC HODGE,<br>RICHARD DENSMORE,<br>and UNKNOWN PARTIES<br>(John & Jane Doe Food<br>Service Supervisors), | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a seven year sentence for criminal sexual assault. He claims that Defendants have deprived him of his civil rights by routinely giving him and other inmates inadequate portions of food, thus denying them adequate nutrition.

### The Complaint

Plaintiff states that upon his arrival at Lawrence in March 2012, he noticed that the meal portions were smaller than they had been at his last prison (Doc. 1, p. 4). In response to a Freedom of Information request, he obtained a copy of the master menu for the Illinois Department of Corrections ("IDOC") (Doc. 1-1). Comparing this master menu with the actual portions of food he received, he concluded that reduced portions were being served. For

example, a breakfast meal would include two pancakes instead of three, one cup of cereal instead of two, and eight ounces of milk instead of sixteen (Doc. 1, p. 5). The reduced breakfast ration of milk was sometimes made up in part by the addition of a serving of milk at lunch. However, other reduced portions were not offset by a substitution of other food or with larger portions in a later meal. Plaintiff claims to have suffered weight loss, headaches, mental anguish, and hunger pains as a result of the limited food portions, on days when he did not have the funds to buy extra food from the prison commissary (Doc. 1, p. 8).

Plaintiff filed grievances directed to Defendant Hodge (the warden), complaining about the inadequate meal portions (Doc. 1-2). He also wrote to the IDOC Southern Region Deputy Director, who forwarded Plaintiff's concerns to Defendant Hodge (Doc. 1-3). However, there was no change to increase the portion sizes.

Plaintiff contends that the Defendants' actions amount to cruel and unusual punishment and deliberate indifference. He also asserts a state law claim for negligence. He seeks injunctive and declaratory relief, as well as damages (Doc. 1, pp.10-11).

### Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

Although Plaintiff's complaint outlined his cruel and unusual punishment claim in a separate count from his deliberate indifference claim, both legal theories arise from the "cruel and unusual punishment" clause of the Eighth Amendment. This clause not only prohibits

barbarous physical punishment, but extends to forbid prison conditions that are constitutionally unacceptable, and punishment that is totally without penological justification. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Regardless of how Plaintiff might label his claims, the elements of these claims are identical. All of Plaintiff's allegations relate to the conditions of his confinement, specifically, that Defendants did not provide him with enough food.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Not all prison conditions trigger Eighth Amendment scrutiny – only unquestioned and serious deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

As to the subjective component of an Eighth Amendment claim, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer*, 511 U.S. at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of

serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). It is well settled that mere negligence does not violate the constitution. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

In some circumstances, a prisoner's claim that he was denied food may satisfy the first *Farmer* element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). When reviewing this type of claim, a district court "must assess the amount and duration of the deprivation," *Reed*, 178 F.3d at 853, in order to determine whether the denial of food has constitutional implications. *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Atkins v. City of Chicago,* 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship."); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Reed*, 178 F.3d at 853, 856 (denial of all food for three to five days at a time created a genuine issue of material fact as to an inmate's Eighth Amendment claim); *Simmons v. Cook,* 154 F.3d 805, 809 (8th Cir. 1998) (denying prisoners four consecutive meals over two days violated the objective component of the *Farmer* test); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a

day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health").

In the case at bar, Plaintiff claims that the reduced portions of some food items have deprived him of adequate nutrition. He points out that the IDOC "master menu" lists the amount of each food item that should be served for each meal. Plaintiff's argument that he has been deprived of sufficient food rests on his claim that he has been served smaller amounts than specified in that menu. However, even if Lawrence food service workers are not following the guidelines of the master menu, that failure alone does not amount to a constitutional violation. A federal court does not enforce state law or regulations. *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989). And an internal menu guideline promulgated by a state agency has much less force than a state statute or administrative code.

Unlike the examples in *Atkins*, *Reed*, *Talib*, *Simmons*, *Cooper*, and *Cunningham*, cited above, Plaintiff does not claim that prison officials denied him an entire meal on even one occasion. According to his complaint, he has been provided with three meals each day on a regular basis. Although the portions served may be smaller than what is specified in the master menu, Plaintiff is still receiving a fairly balanced diet and being fed three times daily. Plaintiff's example of receiving half-servings of milk and cereal, and a 2/3-portion of pancakes does not strike this Court as so meager or insufficient as to raise a concern that Plaintiff faces an excessive risk to his health as a result of the food service practices at Lawrence.

The Court concludes that the complaint fails to indicate that Plaintiff faced an objectively serious risk of harm from the reduced portions of food. In the absence of an obvious risk of harm, it cannot be said that Defendants knowingly subjected Plaintiff to conditions that

threatened his health.   Such deliberate indifference to an obvious risk of harm is the other

element that is required in order to state an Eighth Amendment claim.   *See Farmer v. Brennan*,

511 U.S. 825, 834 (1994).   Plaintiff's factual allegations do not indicate that he has suffered a

deprivation of constitutional proportions, nor do they show that Defendants were deliberately

indifferent to his right to receive adequate nourishment while under their care.

While Plaintiff's constitutional claims shall be dismissed, the Court expresses no opinion

on the viability of his state law negligence claim.[1]   Where all federal claims are dismissed, the

Court will not exercise supplemental jurisdiction over a potential state law claim, but instead will

dismiss it without prejudice to the claim being re-filed in state court, should Plaintiff wish to do

so.   *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[T]he usual practice is to

dismiss without prejudice state supplemental claims whenever all federal claims have been

dismissed prior to trial.").

### Pending Motions and Subpoena Request

All pending motions are **DENIED AS MOOT.**   Further, on April 29, 2013, Plaintiff

submitted a proposed subpoena to produce documents, directed to Defendant Hodge.   Because

this action shall be dismissed, the requested subpoenas shall not be issued by the Clerk.

### Disposition

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to

state a constitutional claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under

the provisions of 28 U.S.C. § 1915(g).   Plaintiff's obligation to pay the filing fee for this action

---

[1]  In Illinois, in order to state a claim for negligence, a complaint must allege facts to establish that the
defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate
cause of the plaintiff's injury.  *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v.
Gross,* 879 N.E.2d 278 (2007)).

was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

       **IT IS SO ORDERED.**

       **DATED: May 31, 2013**

/s/ *G. Patrick Murphy*

              G. PATRICK MURPHY
              United States District Judge